## B. D. ANDERSON v. W. W. LELAND.

1. PRACTICE—PLEADING.—L. sued A. in assumpsit on two promissory notes, one in one count in the declaration for $353.50, and the other in another count for $338.20. Copies of the notes and an affidavit by plaintiff, that the originals "were taken by the federal soldiers or destroyed them," were filed with the declaration. Defendant pleaded *non-assumpsit* to the whole declaration, and a specific plea of *non-assumpsit*, sworn to, and probably intended as a plea of *non est factum*, to the first count. The jury found for the plaintiff on the second count, and took no notice of the first. Judgment was signed, containing in the entry "leave granted plaintiff to withdraw the evidence of debt in the first count mentioned." On error, this court refused to reverse the judgment because none of the errors here assigned appear to have been complained of in the court below.

ERROR to the circuit court of Pontotoc county. POLLARD, Special Judge.

The opinion of the court contains a sufficient statement of the case.

*Geo. L. Potter*, for plaintiff in error.

*Houston & Reynolds*, for defendant in error.

TARBELL, J.:

W. W. Leland, for the use of John Bouland, sued B. D. Anderson upon two promissory notes. The declaration contains two counts. The first count is upon a note for $353.50, the second for $338.20; each note being set out in full in the respective counts. Copies of the notes were also filed with the declaration, together with an affidavit of the plaintiff " that the originals of the two notes, of which the above are true copies, were taken by the federal soldiers or destroyed by them," etc.

There was a general plea of *non-assumpsit*, " and issue in short by consent" as to the whole declaration; and to the note in the first count there was a specific plea of *non-assumpsit*, duly verified, perhaps intended as a plea of *non est factum*.

The jury returned a verdict for plaintiff on the note in the second count, making no allusion to the other note. Upon this verdict judgment was rendered by the court with award of execution. Then follows this entry: " And leave is granted plaintiff to withdraw the evidence of debt in the first count in the declaration mentioned." The defendant in the action having removed the case to this court submits, as grounds for reversal of the judgment, the following assignment of error:

" 1. It appears that the action is founded on two notes alleged by plaintiff to have been captured or destroyed in the war by the military forces of the United States, and that plaintiff had no cause of action. Judgment should have been given for plaintiff in error."

" 2. After verdict for defendant on the first count, upon plea of *non est factum*, it was error to allow plaintiff to withdraw the evidence of debt described in the first count."

The evidence on the trial and the instructions of the court, if any, to the jury are not furnished us. Hence

the record presents only the verdict of the jury in an action of assumpsit on issue joined to a plea of *non-assumpsit.* With no other fact to guide us, we can only presume the questions referred to were either waived, not raised on the trial, or were satisfactorily disposed of, and, at all events, that a legal and just result was reached. We may observe, however, out of respect to counsel who have filed written briefs, that apparently serious questions might arise out of this case, but they cannot be entertained here as original propositions. As far as we can see, none of the questions presented by the assignment of error were raised on the trial, and presumptively the defendant was without defense in law or facts.

As to suits upon lost notes, see 12 S. & M. 557; 44 Miss. 579. And as to discontinuance, see art. 181, p. 508, Code of 1857; 3 How. 46; George's Dig., title, Discontinuance.

*Judgment affirmed.*